**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 07-22201-CIV-COOKE/BROWN**

SHIRE LABORATORIES, INC. and
SHIRE, LLC,

        *Plaintiffs*,

    v.

ANDRX PHARMACEUTICALS, LLC,
ANDRX CORPORATION, and
WATSON PHARMACEUTICALS, INC.,

        *Defendants*.
_____/

**JUDGMENT AND ORDER OF PERMANENT INJUNCTION**

This action for patent infringement having been brought by Plaintiffs Shire Laboratories, Inc. and Shire LLC (collectively "Shire") against Defendants Andrx Pharmaceuticals, LLC, Andrx Corporation, and Watson Pharmaceuticals, Inc. (collectively "Andrx") for infringement of United States Patent Nos. 6,322,819, 6,605,300 and 6,913,768 (the "'819 Patent", "'300 patent" and the "'768 Patent", respectively and collectively, the "Patents");

Andrx and Shire have entered into a Settlement Agreement, under which Shire will grant Andrx a non-exclusive license to the Patents ("the License"), pursuant to the terms and conditions in the Settlement Agreement and License, which are incorporated by reference herein;

1

Andrx acknowledges that all the claims in the Patents are valid and enforceable in all respects; and

Andrx acknowledges that its Abbreviated New Drug Application ("ANDA") No. 78-436 ("Andrx's ANDA") infringes the Patents and, in the absence of the License, that by selling, offering for sale, using and/or importing into the United States of a product under or described in Andrx's ANDA ("Andrx's Product") would infringe each of the Patents.

Shire and Watson now consent to the following Judgment and Order:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. The Patents are each owned by Shire and are each valid and enforceable in all respects.

3. All affirmative defenses, claims and counterclaims, which have been or could have been raised by Andrx in this action with respect to the infringement, validity or enforceability of any of the Patents, are dismissed with prejudice.

4. Andrx is hereby enjoined and estopped during the term of the Patents from making any challenge to the validity or enforceability of any of the Patents.

5. The sale, use or import of the Andrx Product would, in the absence of the License, infringe each of the Patents.

6. Andrx is hereby also enjoined and estopped during the term of the Patents from making any challenge as to the infringement of the Andrx Product of each of the Patents.

7. The foregoing injunctions against Andrx shall take effect immediately upon entry of this Judgment and Order by the Court, and shall continue generally with respect to each of the Patents until the expiration of such Patent, unless (i) earlier terminated or modified by further order of this Court, (ii) a final judgment from which no appeal can be taken or is taken is entered by a United States court of competent jurisdiction, that all of the Patents are unenforceable, or (iii) a final judgment from which no appeal can be or is taken is entered by a United States court of competent jurisdiction, that each of the claims of all of the Patents are invalid.

8. This Judgment is binding upon and constitutes claim preclusion and issue preclusion with respect to validity and enforceability of the Patents and infringement by the Andrx Product between the parties in this action or in any other action between the parties.

9. Nothing in this Judgment shall affect or otherwise delay the effective date of approval of Andrx' ANDA.

10. Nothing in this Judgment shall affect the "paragraph IV certifications" to the Patents in Andrx's ANDA, which paragraph IV certifications Andrx shall be entitled to lawfully maintain pursuant to its License to the Patents.

11. The parties waive all right to appeal from this Judgment and Order.

12. This Court shall retain jurisdiction of this action and over the parties for purposes of enforcement of the provisions of this Judgment and Order.

13. Each party is to bear its own costs and attorneys' fees.

**DONE AND ORDERED** in chambers in Miami, Florida, this 19th day of November 2007.

_____
MARCIA G. COOKE
United States District Judge

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Jonathan Etra | Eric D. Isicoff |
| Florida Bar No. 686905 | Florida Bar No. 372201 |
| E-mail: je@tewlaw.com | Email: Isicoff@irlaw.com |
| TEW CARDENAS LLP | ISICOFF, RAGATZ, KOENIGSBURG |
| Four Seasons Tower, 15th Fl. | 1200 Brickell Avenue |
| 1441 Brickell Avenue | Suite 1900 |
| Miami, Florida 33131-3407 | Miami, Florida 33131 |
| Telephone No. (305) 536-1112 | Telephone No. (305) 373-3232 |
| Facsimile No. (305) 536-1116 | Facsimile No. (305) 373-3232 |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| | |
| Of Counsel: | Of Counsel: |
| | |
| George F. Pappas | Thomas A. Meloro |
| Keith A. Teel | Alexander H. Swirnoff |
| Christopher N. Sipes | WILLKIE FARR & GALLAGHER LLP |
| Jeffrey B. Elikan | 787 Seventh Avenue |
| COVINGTON & BURLING LLP | New York, New York  10019-6099 |
| 1201 Pennsylvania Avenue, N.W. | Tel:  (212) 728-8000 |
| Washington, D.C.  20004 | Fax:  (212) 728-8111 |
| Tel:  (202) 662-6000 | |
| Fax:  (202) 662-6291 | |